**Luz Del Carmen FLORES–RAMIREZ, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 14–72778

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2016 *

FILED June 20, 2016

Luz Del Carmen Flores–Ramirez, Pro Se.

Shahrzad Baghai, Attorney, Meadow W. Platt, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

·Luz Del Carmen Flores–Ramirez, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Flores–Ramirez's testimony and documentary evidence regarding her brother's whereabouts and the circumstances surrounding her cousin's rape. *See id.* at 1048 (adverse credibility determination reasonable under the "totality of circumstances"). Flores–Ramirez's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Flores–Ramirez's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Flores–Ramirez's CAT claim also fails because it is based on the same statements the agency found not credible,

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

and the record does not otherwise compel a finding that it is more likely than not she would be tortured if returned to El Salvador. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.